Not for Publication

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUZANNE SULLIVAN, Regional Director of Region 22 of the National Labor Relations Board for and on behalf of the National Labor Relations Board,** | |
| **Petitioner,** | Civil Action No. 24-08413 (ES) (MAH) |
| v. | **MEMORANDUM and ORDER** |
| **FAIRFIELD PARSIPPANY, LLC d/b/a FAIRFIELD INN & SUITES BY MARRIOTT,** | |
| **Respondent.** | |

This matter comes before the Court on a "Motion to Try the Likelihood of Success on the Merits Portion of the Petition for Temporary Injunction Under Section 10(j) of the National Labor Relations Act [("NLRA")] on the Basis of the Record in the Underlying Unfair Labor Practice Hearing and Request for Expedited Briefing and Disposition of this Motion," filed by Petitioner Suzanne Sullivan, Regional Director of Region 22 of the National Labor Relations Board ("NLRB") ("Petitioner"). (D.E. No. 3 ("Motion")).[1] Respondent Fairfield Parsippany, LLC d/b/a Fairfield Inn & Suites by Marriott ("Respondent") did not oppose the Motion, nor has Respondent requested any additional time to respond to the Motion. Accordingly, the Court considers the Motion unopposed.

Further, consistent with the findings of other courts in similar cases, the Court finds it is

---

[1] Petitioner also separately filed a Petition for Temporary Injunction Under Section 10(j) of the NLRA (D.E. No. 1; *see also* D.E. No. 1-13), which remains pending before this Court and for which a show cause hearing is currently scheduled for October 10, 2024. (*See* D.E. No. 9).

not necessary to hold a full evidentiary hearing to enable it to determine whether Petitioner is entitled to injunctive relief under Section 10(j) of the NLRA. *See, e.g.*, *Harrell v. Nat'l Red Cross, Heart of Am. Blood Servs. Region*, No. 11-1284, 2011 WL 3951860, at *2 (C.D. Ill. Sept. 7, 2011) ("As the [NLRB] cannot consider other evidence outside the record presented to the ALJ in making its ultimate determination pursuant to the Administrative Procedure Act, 5 U.S.C. § 556(e), logic compels the conclusion that this Court's review in assessing [p]etitioner's likelihood of success on the merits should be limited to the same evidence that will be considered by the [NLRB]."); *Silverman v. Red & Tan Charters, Inc.*, No. 93-6353, 1993 WL 498062, at *1 (S.D.N.Y. Nov. 30, 1993) ("[N]umerous courts have ruled that [Section] 10(j) injunctions may issue on the basis of documentary evidence alone. Thus, neither as a matter of equity nor under the Federal Rules can it be said that courts are required to hold evidentiary hearings prior to issuing a [Section] 10(j) injunction." (citations omitted)); *see also Lineback v. Spurlino Materials, LLC*, 546 F.3d 491, 502 (7th Cir. 2008) (holding that the district court did not abuse its discretion when it granted a motion for Section 10(j) injunctive relief, and noting that "in evaluating the likelihood of success, it is not the district court's responsibility, nor is it [the court of appeals' responsibility], to rule on the merits of the [d]irector's complaint" and that "deciding the merits of the case is the sole province of the [NLRB]").

Therefore, having considered Petitioner's unopposed Motion (D.E. No. 3), and having decided the Motion without oral argument, *see* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b), for the reasons set forth above and for good cause having been shown,

**IT IS** on this 3rd day of October 2024,

**ORDERED** that Petitioner's unopposed Motion (D.E. No. 3) is **GRANTED**; and it is further

**ORDERED** that the portion of the upcoming show cause hearing scheduled for October 10, 2024, pertaining to whether there is a likelihood of success on the merits, in connection with Petitioner's requested Section 10(j) injunctive relief, shall be limited to the official evidentiary record developed in the underlying unfair labor practice hearing before the NLRB Administrative Law Judge.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**